UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Jaisha Morris,<br><br>    Plaintiff,<br><br>v.<br><br>Sterling Jewelers, Inc.,<br><br>    Defendant. | Civil Action No.: 4:13-cv-00170<br><br><br>**COMPLAINT**<br>**JURY** |

  For this Complaint, the Plaintiff, Jaisha Morris, by undersigned counsel, states as follows:

## JURISDICTION

  1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

  2. This Court has original jurisdiction over Plaintiff's TCPA claims. <u>Mims v. Arrow Fin. Serv., LLC</u>, 132 S.Ct. 740 (2012).

  3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

  4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

  5. The Plaintiff, Jaisha Morris ("Plaintiff"), is an adult individual residing in Houston, Texas.

  6. The Defendant, Sterling Jewelers, Inc. ("SJI"), is an Ohio business entity with an address of 375 Ghent Road, Akron, Ohio 44333.

## FACTS

7. In or around February 2012, Defendant began contacting Plaintiff by placing three to six calls daily to Plaintiff's cellular phone.

8. Defendant placed calls using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls").

9. Plaintiff did not provide her cellular phone number to Defendant and did not consent to receiving Robocalls on her cellular phone.

10. Each of Defendant's Robocalls stated Defendant was calling regarding "collections for Jared's Galleria."

11. On December 21, 2012, Plaintiff stayed on the line to speak to a live representative. During this conversation, Plaintiff requested that Defendant stop all Robocalls to Plaintiff's cellular phone.

12. During this conversation, Plaintiff also attempted to inform Defendant she had retained legal representation and to provide her attorney's contact information. The representative from Defendant, however, refused to allow Plaintiff to speak and continued to talk over Plaintiff until the call ended.

13. Furthermore, despite Plaintiff's request to cease calls to her cellular phone and notice of attorney representation, Defendant continued to place Robocalls to Plaintiff's cellular phone.

### A.     **Plaintiff Suffered Actual Damages**

14. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

15. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger and frustration.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendant contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

18. Plaintiff either never provided express consent to Defendant or the Creditor to call her cellular telephone number, or Plaintiff revoked her consent to be contacted by Defendant on her cellular telephone by her repeated demands to cease calling her cellular telephone.

19. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

21. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Attorney's costs and fees; and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 24, 2013

        Respectfully submitted,

        By: __/s/ Jody B. Burton_____

        Jody B. Burton, Esq.
        CT Bar # 422773
        LEMBERG & ASSOCIATES L.L.C.
        A Connecticut Law Firm
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424